# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

WENSLEYDALE WAY INC., a New Jersey
Corporation, and
ANRA TRUCKING INCORPORATED, a New
York Corporation,

      Plaintiffs,

v.

FLEET CAR LEASE INC., d/b/a. FLEET CAR
CARRIER a Utah Corporation registered to do
business in Colorado,

      Defendant.

---

**COMPLAINT FOR DECLARATORY JUDGMENT
AND DAMAGES**

---

Wensleydale Way Inc., ("Wensleydale") and ANRA Trucking Incorporated ("ANRA" and collectively "Owner Operators" or "Plaintiffs"), bring this action seeking declaratory and monetary relief on behalf of themselves and against Defendant Fleet Car Lease, Inc. d/b/a Fleet Car Carriers (hereinafter as "Fleet," "Carrier" or "Defendant") pursuant to 49 U.S.C. §§ 14704(a)(1) and (2) and 49 C.F.R. § 376 *et seq.*, and allege as follows:

## NATURE OF THE ACTION

1.    Fleet Car Lease Inc. is a regulated motor carrier that provides transportation of property in interstate commerce under authority issued by the U.S. Department of Transportation ("DOT"). Fleet transports property in equipment leased from independent truckers (known as "Owner-Operators") including the Plaintiffs Wensleydale and ANRA. Under federal law and regulations "authorized motor carriers" like Fleet may perform

authorized transportation in equipment they do not own only if the equipment is covered by a written lease meeting the requirements set forth in 49 C.F.R. § 376.12. *See* 49 C.F.R. § 376.11(a). Authorized motor carriers are required by regulations to follow the required lease provisions of 49 C.F.R. § 376.12.

2. Fleet has engaged in a pattern and practice of conduct violating its obligations to the Plaintiffs pursuant to 49 C.F.R. § 376.12.

## JURISDICTION AND VENUE

3. This action arises under 49 U.S.C. §§ 14102 and 14704 et seq., and 49 C.F.R. § 376 et seq. for violation of the statutes and regulations governing the terms and conditions pursuant to which truck owner-operators lease equipment to authorized motor carriers for the transport of property. To the extent the cited federal statutes and regulations necessarily implicate state law and regulations, this action additionally arises by reason of supplementary jurisdiction under 28 U.S.C.§ 1367.

4. Jurisdiction of this matter is granted to this Court by 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1337 (proceedings arising under an act of Congress regulating commerce). The causes of action alleged here arise under the laws of the United States regulating commerce and the activities of motor carriers engaged in the transportation of property in interstate commerce, including 49 U.S.C. §§ 13501, 14102, and 14704(a)(1) and (2), and 49 C.F.R. § 376 *et seq*. Violations of the federal regulations are privately actionable under 49 U.S.C. §§ 14704(a)(1) and (2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that Fleet is registered to do business in Colorado and it maintains its headquarters and principal dispatch in this District (7563 Dahlia Street, Commerce City, Colorado 8022-1463), the

contracts entered into between the parties name Colorado as the agreed upon jurisdiction, and because a part of the events giving rise to the claims raised herein occurred in this district or state.

## PARTIES TO THE ACTION

6. Fleet is a Utah corporation registered to do business in Colorado. Fleet has its headquarters at 7563 Dahlia Street, Commerce City, Colorado. Fleet is a regulated motor carrier providing transportation of property in interstate commerce under the authority of DOT. Defendant is and has been at all relevant times an "authorized carrier" within the meaning of 49 C.F.R. §376.2(a).

7. Wensleydale Way Inc. is a New Jersey corporation that is owned and operated solely by Mariusz Przezdziecki, who is a citizen of New York, and is an "owner-operator" who has leased motor vehicle equipment, with a driver, to Fleet within the purview of 49 U.S.C. § 14102.

8. ANRA TRUCKING INCORPORATED is a New York corporation that is owned and operated by Andrzej Rafalo, the sole owner, who is a citizen of New York, and is an "owner-operator" who has leased motor vehicle equipment, with a driver, to Fleet within the purview of 49 U.S.C. § 14102.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. The Plaintiffs at all times while they were engaged in leasing to Defendant, each had in effect a written "Authorized Carrier Lease" signed by the Owner Operators and Defendant. Copies of those leases are included herein, attached hereto as Exhibits numbered 1-10.

10.     Plaintiff Wensleydale had at least seven (7) different Authorized Carrier Leases from 13 July 2009 through 27 March 2015, when the last of the leases was signed (see Exhibits 1-7).  Fleet formally terminated the last leases in writing on or about 16 January 2016.

11.     Plaintiff ANRA had at least three (3) different signed Authorized Carrier Leases from 03 April 2012 and a second dated 09 May 2014 and the third is dated 19 February 2015 (see Exhibits 8-10). Plaintiff last worked for Fleet in April of 2016.

12.     Both Plaintiffs undertook identical work with leased trucks hauled exclusively for Defendant and were used primarily to transfer motor vehicles to retail destinations.

13.     The Plaintiffs' various claims are substantially similar in all respects.  Both Plaintiff's had near identical contracts and complain of substantially similar issues in this case. The Plaintiffs were also leasing to the Defendant at the same time.

14.     During the existence of the described Leases, both Plaintiffs, on multiple occasions, requested clarification and greater details concerning how they were compensated by Defendant and about related issues of chargebacks, fuel surcharges, incidental costs, trust accounting, etc.

15.     When Plaintiff's requested clarifications regarding the above described inquiries, Defendants staff were routinely non-communicative or evasive when pressed for details by the Plaintiffs.  Plaintiffs inquired via telephone and to a lesser extent by email.

## FEDERAL REGULATORY SETTING

16.     Under federal law, an authorized motor carrier may perform authorized transportation in equipment it does not own only under a written lease granting the use of the equipment and meeting the requirements contained in 49 C.F.R. §376.12 and 49

C.F.R. §376.11(a); *see* also 49 U.S.C. § 14102. A person injured on account of an authorized carrier's violation of or a failure to comply with the federal leasing regulations may bring an action seeking relief and damages against such authorized carriers pursuant to 49 U.S.C. §14704(a)(1) and (2), as well as attorney's fees and costs authorized by 49 U.S.C. §14704(e).

17. The federal regulations provide that the leases contain specific provisions and require that the regulated motor carrier adhere to those terms. *See* 49 C.F.R. §§376.11 and 376.12. The Plaintiffs entered into federally-regulated lease agreements (the "Lease Agreements") with Fleet. See Exhibits 1-10. The Lease Agreements are identical in all material respects to the other Lease Agreements signed by the Plaintiffs between 2009 and 2015. Upon information and belief, the Lease Agreements are identical in all material respects to any other Lease Agreement that Fleet enters into with any other owner-operator.

18. Although the Defendant Carrier included the required language in its Lease Agreements with the Plaintiffs; the Defendant has failed and refused to implement such provisions.

## COUNT I
**Unlawful Provisions of Transportation Services by Fleet Car Carrier, ie failure to conform to 49 CFR Part 376**

19. Plaintiffs re-allege and incorporate the allegations of paragraph 1 through 18 above.

20. Under federal law, an "authorized carrier may perform authorized transportation in equipment it does not own only under the following conditions:… [t]here shall be a written lease granting the use of the equipment and meeting the requirements contained

in §376.12." Defendant is engaged in the unlawful provision of transportation services in equipment it does not own because the leases governing its use of such equipment fail to conform to 49 C.F.R. Part 376.

21. Defendant's Lease Agreements with Plaintiffs do not contain certain provisions required by 49 C.F.R. § 376.12. By way of illustration and not limitation:

(a) Defendant's leases do not specify the amount that will be charged back to the Plaintiffs for insurance coverage. This is a violation of 49 C.F.R. § 376.12(J)(1);

(b) Defendant's leases do not specify that in regards to claims for damage from insurance, that any such deductions, and itemizations thereof, "must be delivered to the lessor before any such deductions are made. This is a violation of 9 C.F.R. §376(12)(j)(3); and

(c) Defendant's leases do not specify, that in regards to Escrow accounts that "while the escrow fund is under the control of the authorized carrier, the authorized carrier shall provide an accounting to the lessor of any transactions involving the fund." This is a violation of 49 C.F.R. §376(12)(k)(3).

### COUNT II
### Failure to Provide Rated Freight Bill on Request
### (in violation of 49 CFR §376.12(g))

22. Plaintiffs re-allege and incorporate the allegations of paragraph 1 through 21 above.

23. Plaintiff owner-operators received compensation from Fleet based on a fixed percentage of the "adjusted gross revenue actually received by Carrier." See Exhibit 1 at paragraph six (6).

24. Plaintiffs requested numerous times from Defendant's respective supervisors Dave Cicarelli and Mike Kovalchik, to provide them with rated freight bills or similar documents for shipments that they transported for Fleet. In violation of 49 C.F.R. §376.12(g) Fleet's supervisors failed to provide copies of the rated freight bills.

25. Plaintiff Wensleydale's Lease was terminated by Defendant on 12 January 2016.

26. Plaintiff ANRA Lease was terminated by Defendant in April of 2016.

27. On 04/19/2016 and again on 05/19/2016, Attorney Neil Colmenares, on behalf of Wensleydale sent Fleet through its counsel, written requests for any and all documentation including "a full accounting with receipts for items mentioned in the subject carrier agreements." As of the date of the filing of this Complaint, Fleet, despite having provided substantial documentation in other areas, failed to provide freight bills, receipts or an accounting that allows for Plaintiffs to transparently determine the accuracy of their compensation.

28. Defendant's failure to provide copies of the rated freight bills or other forms of documents on request, represent a company-wide practice to refuse or ignore requests for information that would enable owner-operators to verify the amount of "adjusted gross revenue" received by Defendant.

29. As a direct and proximate cause of Fleet's violations of 49 C.F.R. § 376.12(g), Plaintiffs as owner-operators have been deprived of the opportunity to accurately calculate the amount of revenue rightfully due them by the Defendant motor carrier.

## COUNT III
## Unlawful Reduction of Compensation
## (in Violation of 49 CFR §376.12(d) & (g))

30. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 29 above.

31. Plaintiffs received compensation from Fleet based on a fixed percentage of adjusted gross revenue received by the carrier. Fleet, in violation of its lease, and the truth-in-leasing regulations, reduced and understated the amount of the "adjusted gross revenue received by the carrier" before it calculates the compensation due to the owner-operators. By reporting to drivers a reduced amount in adjusted gross revenue received by the carrier, Fleet underpays its owner-operators by an amount that equals the actual "adjusted gross revenue" less the under reported "adjusted gross revenue".

32. As a direct and proximate result of Fleet's violation of C.F.R. § 376.12(d) and (g), Plaintiff's have been deprived of sums rightfully belonging to them and have incurred substantial monetary damages.

## COUNT IV
## Failure To Provide Compensation within Payment Period
## (in violation of 49 CFR §376.12(f))

33. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 32 above.

34. Pursuant to the lease agreement, Plaintiff was to receive compensation within fifteen (15) days after Plaintiff submits to the carrier all necessary delivery documents.

35. The federal leasing regulations provide that the lease shall specify that payment to the lessor shall be made within 15 day after submission of the necessary delivery documents and other paperwork concerning a trip. 49 C.F.R. § 376.12(f).

36.     Plaintiffs on multiple occasions submitted the necessary delivery documents to Fleet and were not paid within 15 days, forcing the Plaintiff to borrow money to cover operational costs.  Both had expected contracted amounts would be paid within the 15 days but were forced to cover such operational costs when they did not.

37.     Defendant violated the lease agreement by failing to pay contracted compensation within 15 days after submission of the necessary delivery documents and other paperwork concerning a trip.

38.     As a direct and proximate result of Fleet's violation of C.F.R. § 376.12(d) and (g), Plaintiff's have suffered substantial monetary damages to cover the late payments.

**COUNT V**
**Failure to Account Escrow**
**(in Violation of 49 CFR §376.12(k))**

39.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 38 above.

40.     The federal leasing regulations provide that if a motor carrier requires the escrowing of funds by owner-operators, then the motor carrier must provide an accounting to the owner-operator of the escrowed funds on a monthly basis and that interest must be paid at least on a quarterly basis. 49 CFR §376.12(k).

41.     Pursuant to the lease agreement entered into with the Defendant, owner-operators were required to deposit $4,000 per truck in escrow with the Defendant.

42.      Defendant violated the escrow provisions of the leasing regulations by failing to provide owner-operator a monthly accounting, and by failing to pay interest quarterly on escrow deposited and by collecting escrow deposits on multiple occasions.

43. As a direct and proximate result of Fleet's violation of C.F.R. § 376.12(k), Plaintiff's have been deprived of sums rightfully belonging to them and have suffered substantial monetary damages.

## COUNT VI
### Failure To Provide Insurance and Chargeback Information
### (in Violation of 49 C.F.R. §376.12(j)(2))

44. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 43 above.

45. Defendant has failed to comply with its obligations pursuant to 49 C.F.R. § 376.12(j)(1) & (2), in that the Defendant failed to provide the Plaintiffs with the appropriate certificates of insurance or with copies of insurance policies upon request.

46. Defendant's failure to disclose the required insurance and other chargeback information is harmful to the Plaintiffs because it prevents them from ascertaining whether they are being overcharged for charge back items including insurance and/or being subject to unlawful reductions in compensation. This prevents the Plaintiffs as owner-operators from effectively evaluating the benefit of their bargain and from making an informed choice whether to continue the lease agreement or to allow such deductions. Defendant's failure to comply with 49 C.F.R. § 376.12(h) and (j) placed the Plaintiffs in a position where they have neither the documentation nor information "necessary to determine the validity of the charge[s]."

47. As a direct and proximate result of these violations of federal law, the rights of the Plaintiffs have been violated, and the Plaintiffs have suffered substantial monetary damages.

## COUNT VII
## Failure To Provide Information Regarding Deductions for Property Damages
## (in Violation of 49 CFR §376.12(j)(3))

48. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 47 above.

49. Defendant has failed to comply with its obligations under 49 C.F.R. §376.12(j)(3), in that the Defendant failed to provide the Plaintiffs with the appropriate written explanation and itemization of deductions for cargo or property damaged, which pursuant to said regulation, "must be delivered to the owner-operator before any deductions are made."

50. Defendant's failure to provide the appropriate written explanation and itemization of damaged property or cargo is a violation of 49 C.F.R. §376.12(j)(3) and placed the Plaintiffs in a position where they have neither the documentation nor information necessary to determine the validity of the charges for property damage.

51. As a direct and proximate result of these violations of federal law, the rights of the Plaintiff's have been violated, and the Plaintiffs have suffered substantial monetary damages.

## COUNT VIII
## Breach of Contract -Failure to Pay Compensation to Contractor

52. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 51 above.

53. Plaintiff's maintain that Defendant has failed to compensate them with the agreed upon 85% of adjusted gross revenues and that they were regularly underpaid.

54. Plaintiff maintains that they have suffered damages as a result of Defendants above described breach or breaches.

## COUNT IX
## Breach of Contract - Unauthorized and Illegitimate Charge-Back Items

55. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 54 above.

56. Plaintiff maintains that Defendant has charged the Plaintiffs on many occasions for unauthorized and illegitimate charge back items such as excessive drug test fees and other unauthorized fees, together with unauthorized, unfair and arbitrary fuel surcharges, fees.

57. Plaintiff maintains that they have suffered damages as a result of Defendant's above-described breach or breaches.

## COUNT X
## Breach of Contract - Unauthorized Deductions from Compensation

58. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 57 above.

59. Plaintiffs maintains that unauthorized and illegitimate deductions items such as excessive drug test fees, unauthorized fees, unauthorized, unfair and arbitrary fuel surcharges, for example.

60. Plaintiffs maintain that they have suffered damages as a result of Defendant's above-described breach or breaches.

## COUNT XI
## Breach of Contract - Overcharges for Insurance Contracts and Insurance Claims

61. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 through 60 above.

62. Plaintiff maintains that Defendant breached the pertinent contract by overcharging Plaintiffs for their "prorated share of all insurance premiums" in violation of the Lease.

63. Plaintiffs maintains that Defendant also breached the contract by overcharging Plaintiffs for insurance claims.

64. Plaintiffs maintain that the have suffered damages as a result of Defendant's breach or breaches.

## COUNT XII
## Breach of Implied Obligation of Good Faith & Fair Dealing

65. Plaintiffs re-allege and incorporate the allegations of paragraphs 1 - 64 above.

66. Every contract in Colorado, pursuant to Colorado Revised Statutes § 4-1-304 contain an implied obligation of good faith in" the "performance and enforcement of the contract".

67. Defendant has violated the implied obligation of good faith and fair dealing by failing to fairly compensate the Plaintiffs pursuant to the Leases and by not acting in good faith when reasonable requests allowed under the agreement for information about compensation and withholdings were not addressed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Wensleydale Way Inc. and ANRA Trucking Incorporated respectfully request that this court:

   a. Enter a declaratory judgment that the lease agreement Fleet entered into with Plaintiffs violate 49 C.F.R. § 376.11(a) by failing to include provisions required by 49 C.F.R. § 376.12;

   b. Enter a declaratory judgment that the Defendant violated 49 C.F.R. § 376.12(d) and (g) by failing to provide rated freight bills or other forms of freight documentation on request and reducing the stated revenue received by the carrier before recalculating Plaintiff's compensation;

c.  Enter an Order that the Defendant provide to the Plaintiff's an accounting of all transactions involving reductions of adjusted gross income received by the carrier;

d.  Enter a declaratory Judgment that the Defendant violated 49 C.F.R. §§376.11 and 376.12(f), (g), (h) and (j)(1-3).

e.  Enter judgment against the Defendant in favor of Plaintiffs for Breach of Contract, restitution and disgorgement of sums unlawfully deducted from compensation in violation of 49 C.F.R. § 376.12 and for damages, all pursuant to 49 U.S.C. §14704(a)(2), and including pre- and post-judgment interest, as allowed by law;

f.  Award Plaintiff's counsel reasonable attorneys' fees and expenses incurred in the prosecution of this action pursuant to 49 U.S.C. §14704(e); and

g.  Award such other relief as this Court may deem to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as of right by jury.

Respectfully Submitted,

**/s/ Ralph J. Strebel**
_____
Ralph J. Strebel
Law Office of Ralph J Strebel
1745 Shea Center Dr., Suite 481
Littleton, Colorado 80129
Tel: (303) 476.3618
Fax: (720) 344.4840
E-mail: ralph@strebellaw.com
Attorney for Plaintiffs